FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 26 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X
BARBARA JUPITER, as Executrix of the Estate
of WARREN JUPITER, and BARBARA JUPITER,
Individually,

    Plaintiff,

- against -

UNITED STATES OF AMERICA,

    Defendant.
- - - - - - - - - - - - - - - - - - -X

Civil Action No. CV-05-4449

(Glasser, J.)
(Levy, M.J.)

---

### STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS AGAINST THE UNITED STATES OF AMERICA PURSUANT TO 28 U.S.C. § 2677

  It is hereby stipulated by and between the plaintiff, Barbara Jupiter, as both Executrix of the Estate of Warren Jupiter andIndividually (collectively "Plaintiff"), and the defendant United States of America, by and through their respective attorneys, as follows:

  1.  The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation.

  2.  The United States of America agrees to pay the sum of four million five-hundred thousand dollars ($4,500,000.00) (hereinafter "Settlement Amount"), which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of

whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen, bodily and personal injuries and damage to property, and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any and all claims for wrongful death, for which Plaintiff and her guardians, heirs, executors, administrators or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agents, servants, and past and present employees.

3. Plaintiff and her guardians, heirs, executors, administrators or assigns hereby agree to accept the sums set forth in this Stipulation for Compromise Settlement in full settlement, satisfaction and release of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which she may have or hereafter acquire against the United States of America, its agents, servants, and past and present employees on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiff and her guardians, heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States of America, its agents, servants, and past and present employees from and against any and all such causes of action, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by Plaintiff and her guardians, heirs, executors, administrators or assigns against any third party or against the United States, including claims for wrongful death.

4. This Stipulation for Compromise Settlement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to Plaintiff. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

5. It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorneys' fees owed by the Plaintiff will be paid out of the Settlement Amount and not in addition thereto.

6. It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorneys' fees for services rendered in connection with this action shall not exceed 25 per centum (25%) of the amount of the compromise settlement. The parties further agree that any such attorneys' fees, along with any costs and expenses of said action against the United States and any costs, expenses, or fees associated with obtaining any court approval of this settlement will be paid out of the Settlement Amount and not in addition thereto. The parties also agree that any fees for legal services incurred in the district court or in any court reviewing the settlement for approval purposes shall be considered attorneys' fees and not costs, shall be subject to the provisions of 28 U.S.C. § 2678, and shall be paid out of the Settlement Amount and not in addition thereto.

7. The persons signing this Settlement Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement. In the event any plaintiff is a minor or a legally incompetent adult, the Plaintiff must obtain Court approval of the settlement at Plaintiff's expense. Plaintiff agrees to obtain such

approval in a timely manner: time being of the essence. Plaintiff further agrees that the United States may void this settlement at its option in the event such approval is not obtained in a timely manner. In the event Plaintiff fails to obtain such Court approval, the entire Stipulation For Compromise Settlement And Release and the compromise settlement are null and void.

8. Within a reasonable time after counsel of record for the United States receives

(i) this Stipulation For Compromise Settlement And Release signed by Plaintiff and her counsel,

(ii) an order from the court approving the proposed settlement,

(iii) the Social Security number or tax identification number of Plaintiff and her attorney, and

(iv) an authorization by the Attorney General or his designee to consummate the settlement,

counsel for the United States will send a formal request to the United States Department of the Treasury requesting that the sum of Four Million Five Hundred Thousand Dollars ($4,500,000.00) (hereinafter "Settlement Amount") be electronically transferred to the Plaintiff's attorney's client trust account.

9. In consideration for the payment of the Settlement Amount, Plaintiff stipulates and agrees that the United States will not sign an annuity application form, a uniform qualified settlement form, or any equivalent such forms, and that the United States will not pay the Settlement Amount into a qualified settlement fund or an equivalent fund or account. Plaintiff further stipulates and agrees that she, her attorney(s), any Guardian Ad Litem, and their

representatives (including any structured settlement annuity broker, regardless of whether said broker was retained by them or by someone else, either before, during, or after the settlement) will not attempt to structure the Settlement Amount in any way, form, or manner, including by placing any of the Settlement Amount into any qualified settlement fund or its equivalent. However, nothing in this Paragraph 9 precludes the Plaintiff from purchasing standard, non-structured settlement annuities after the Settlement Amount has been transmitted to the Plaintiff's attorney's client trust account, but they agree that they will not represent to any person, entity, or agency that they are purchasing structured settlement annuities and they agree they will not attempt to purchase such structured settlement annuities.

10. Plaintiff stipulates and agrees that she is legally responsible for any and all liens or claims for payment or reimbursement, including, but not limited to, any liens or claims by private insurance companies, Medicaid, or Medicare. Plaintiff and her attorney stipulate and agree that the Plaintiff, by and through her attorney, will satisfy or resolve any and all liens or claims for payment or reimbursement asserted by any individual or entity before distributing to the Plaintiff any portion of the amount paid pursuant to Paragraph 8, above. The Plaintiff and her attorney further agree that, no later than ninety (90) days from the date the United States makes payment of the Settlement Amount, Plaintiff's attorney shall provide to the United States evidence that each such lien or claim has been satisfied or resolved and that all lien holders and claimants have waived and released all such liens and claims. The evidence required by the terms of this Paragraph may be satisfied by a letter from Plaintiff's attorney representing to counsel for the United States that each such lien or claim has been satisfied or resolved and that

all lien holders and claimants have waived and released all such liens and claims.

11.  Plaintiff has no knowledge of any State, private entity, or private individual who has or may have in the future a claim or cause of action against the United States and its agents, servants, and employees, arising out of the subject matter of the above-captioned action which relates to the acts and omissions that gave rise to this case. For purposes of this Stipulation for Compromise Settlement, a claim or cause of action includes, but is not limited to, a claim or cause of action for reimbursement for any payments made to or on behalf of the Plaintiff, a claim or cause of action for reimbursement for any goods or services provided to or on behalf of the Plaintiff, and a claim or cause of action for contribution or indemnification. As stated in paragraph 10, Plaintiff, through her attorney, will pay or resolve any and all liens or claims for payment or reimbursement, including any liens or claims by Medicaid or Medicare, before her attorney may distribute any portion of the Settlement Amount to the Plaintiff, and Plaintiff through her attorney, will provide to the United States the evidence that such lien or claim has been satisfied or resolved as required by this Stipulation for Compromise Settlement.

12.  Plaintiff's attorney agrees to distribute the Settlement Amount to the Plaintiff after paying or resolving any lien or claim for reimbursement or payment for which he has agreed to be legally responsible under the terms of this Stipulation. Plaintiff's attorney further agrees that contemporaneously with the execution of this Stipulation, he will provide to the United States Attorney on behalf of the United States an executed Stipulation of Dismissal with prejudice as to the United States, with each party to bear its own costs, expenses and fees.

13.  The parties agree that this Stipulation, including all the terms and conditions of

this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the Plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

14.   The terms, conditions, and requirements of this Stipulation are not severable and the failure to agree, fulfill, or comply with any term, condition, or requirement renders the entire Stipulation for Compromise Settlement and the compromise settlement null and void.

15.   It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

Executed this 7 day of Oct., 2013

[signature]

STEVEN NORTH, ESQ.
*Attorney for Plaintiff*
178 East 74th Street
New York, New York 10021
(212) 861-5000


Executed this 9 day of October, 2013

[signature]

BARBARA JUPITER

On the 9th day of October, in the year 2013, before me, the undersigned, personally appeared BARBARA JUPITER, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the

instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
NOTARY PUBLIC

SHARI E. A. JAMES
Notary Public, State of New York
No. 01JA6275804
Qualified in Westchester County
Commission Expires February 4, 2017

Executed this ___ day of December, 2013

By: _____
KEVAN CLEARY
Assistant United States Attorney
*Attorney for Defendant United States of America*
(718) 254-6027
E-Mail: kevan.cleary@usdoj.gov

LORETTA E. LYNCH
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

SO ORDERED this
22nd day of December, 2013.

s/RML
_____
HON. ROBERT M. LEVY
UNITED STATES MAGISTRATE JUDGE